# Court of Appeals
# of the State of Georgia

ATLANTA,___June 20, 2014_____

*The Court of Appeals hereby passes the following order:*

**A14E0030. HOWARD v. THE STATE.**

Ernest Howard, Sr., has filed an "emergency motion to resubmit his application for discretionary appeal." Howard, who was previously convicted of aggravated assault, kidnapping with bodily injury, and rape, filed an extraordinary motion for new trial. On April 1, 2014, the trial court entered an order denying the motion. Howard, who is incarcerated, contends that on April 24, 2014, he mailed to this Court an application for discretionary appeal, as well as a motion to proceed in forma pauperis and a motion to extend the time for him to file supporting documents.[1] This Court never received the initial application. Howard filed a second motion for extension of time, but this Court returned it to him, explaining that there was no pending appeal. Howard subsequently filed an "amendment" to his application for discretionary appeal, but that was also returned to him because there was no pending application in his name in the Court. Howard has now filed an emergency motion seeking permission to resubmit his application for discretionary appeal.

Court of Appeals Rule 4 (d), addressing filings by pro se prisoners, provides: In the absence of an official United States Postal Service postmark showing a date on or before the filing deadline, a document submitted by a prisoner who is not represented by an attorney shall be deemed filed on the date the prisoner delivers the document to prison officials

---

[1] Howard has attached to his emergency motion a copy of his approved request for indigent postage, which indicates that legal postage was used to send documents to this Court on April 24, 2014.

for forwarding to the Clerk of the Court of Appeals. Such delivery shall be shown by the date on the certificate of service or on an affidavit submitted by the prisoner with the document stating the date on which the prisoner gave the document to prison officials with sufficient prepaid postage for first-class mail and the name of the prison official to whom the document was delivered. Such certificate or affidavit will give rise to a presumption that the date of filing reflected in the affidavit is accurate, but the State may rebut the presumption with evidence that the document was given to prison officials after the filing deadline or with insufficient postage. If the institution has a system designed for legal mail, the prisoner must use it to rely upon the provisions of this paragraph.

Here, although Howard has produced a copy of his approved request for indigent postage, he has not filed an affidavit as required by Rule 4 (d). Therefore, his emergency motion is hereby DENIED. This order does not, however, preclude Howard from filing a subsequent pleading demonstrating the timeliness of his initial application for discretionary application under the proceedings set forth in Rule 4 (d).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/20/2014
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*